IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BETTY J. FARIZER,<br><br>Plaintiff,<br><br>v.<br><br>CORINTHIAN MORTGAGE CORPORATION d/b/a SOUTHBANC MORTGAGE,<br><br>Defendant. | ) | CA 06 338<br><br>C.A. No. |

COMPLAINT – CLASS ACTION

INTRODUCTION

1. Plaintiff Betty J. Farizer brings this action to secure redress for a course of conduct that included the accessing of a consumer report on plaintiff and numerous other residents of Massachusetts and Rhode Island without plaintiff's consent or any lawful reason, in violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA").

JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331 and 1337 and 15 U.S.C. §1681p ("FCRA").

3. Venue in this District is proper in that defendant does business in this District.

PARTIES

4. Plaintiff Betty J. Farizer is an individual who resides in Cumberland, Rhode Island.

5. Defendant Corinthian Mortgage Corporation d/b/a SouthBanc Mortgage is a corporation chartered under Mississippi law with its principal places of business at 5700 Broadmoor, Suite 500, Shawnee Mission, KS 66202, and 13861 Sunrise Valley Drive, Suite 100, Herndon, VA 20171. On information and belief defendant used to be authorized to do business in Rhode Island, but its authority has been revoked.

**FACTS**

6. During the two years preceding the filing of this action, plaintiff Betty J. Farizer received the documents attached as Exhibit A via the United States mail.

7. Exhibit A states: "This 'prescreened' offer of credit is based on information in your credit report . . . ."

8. On information and belief, the quoted statement is true.

9. On information and belief, defendant engaged in or arranged for the "prescreening" of consumers based on information in consumer reports held by a consumer reporting agency.

10. Based on the results of such "prescreening," defendant sent or caused to be sent mailers in the form represented by Exhibit A to numerous consumers, including plaintiff.

11. "Prescreening" is usually performed by "data brokers" or "information brokers," who access consumer report information. By causing data brokers to handle credit information, defendant subjects consumers to an increased risk of improper disclosure and identity theft. See M. Frank, "Privacy Laws and Data Broker Services," Congressional Testimony, May 10, 2005, Federal Document Clearing House ("data brokers" that perform

prescreening services are inviting targets for identity thieves and have been the subject of several recent incidents of such theft).

12. Exhibit A is an example of a printed form document.

13. Exhibit A contains the trademarks and commercial symbols of Corinthian Mortgage Corporation d/b/a SouthBanc Mortgage.

14. On information and belief, defendant Corinthian Mortgage Corporation d/b/a SouthBanc Mortgage approved and authorized the dissemination of material in the form represented by Exhibit A.

15. The response telephone numbers, fax numbers, Internet address and mail address on Exhibit A are used by defendant Corinthian Mortgage Corporation d/b/a SouthBanc Mortgage.

16. On information and belief, defendant Corinthian Mortgage Corporation d/b/a SouthBanc Mortgage obtained business as a result of the dissemination of mailers in the form represented by Exhibit A.

17. On information and belief, more than 200 mailers in the form represented by Exhibit A were sent to residents of Massachusetts and Rhode Island.

18. Plaintiff Betty J. Farizer had not authorized defendant to access or use plaintiff's consumer report.

19. Defendant had no reason to believe that plaintiff Betty J. Farizer had authorized defendant or defendant's agents to access plaintiff's consumer report or use information therein.

20. Plaintiff Betty J. Farizer did not initiate any transaction with defendant.

21. The FCRA, 15 U.S.C. §1681a(d), defines "consumer report" as follows:

**The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for--**

> **(A) credit or insurance to be used primarily for personal, family, or household purposes; . . .**

22. The FCRA, 15 U.S.C. §1681a(f), defines "consumer reporting agency" as:

**[A]ny person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.**

23. The FCRA, 15 U.S.C. §1681b, provides it is permissible to obtain or use a consumer report on a consumer only with the written consent of the consumer or for certain "permissible purposes," such as the extension of credit to, or review or collection of an account of, the consumer, employment purposes, the underwriting of insurance, or in connection with a business transaction that is initiated by the consumer, or to make a "firm offer of credit."

24. The requester must certify to the consumer reporting agency that a permissible purpose exists.

25. As noted, one "permissible purpose" is to extend a firm offer of credit or insurance to the consumer, even where this has not been requested by the consumer.

26. The sending of the material in <u>Exhibit A</u> does not constitute a permissible

reason for anyone to access plaintiff's consumer report without plaintiff's consent.

27. The sending of Exhibit A does not qualify as a "firm offer of credit" within the meaning of the FCRA, justifying the obtention of a consumer report on a consumer, in that the purported offer (if one exists at all) is a sham, excessively vague and totally lacking in terms. It has no value beyond a solicitation for business, the sending of which is not a permissible purpose for accessing a consumer report. Cole v. U. S. Capital, Inc., 389 F.3d 719 (7th Cir. 2004).

## VIOLATION ALLEGED

28. Defendant obtained or used, or caused to be obtained or used, the consumer report of plaintiff Betty J. Farizer and every other person to whom Exhibit A was sent without their written permission or a "permissible purpose."

29. Defendant willfully violated the FCRA.

30. The FCRA, 15 U.S.C. §1681n, provides:

**§1681n. Civil liability for willful noncompliance**

**(a) In general. Any person who willfully fails to comply with any requirement imposed under this title [15 USC §§1681 et seq.] with respect to any consumer is liable to that consumer in an amount equal to the sum of–**

**(1)**

**(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or**

**(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $ 1,000, whichever is**

**greater;**

**(2) such amount of punitive damages as the court may allow; and**

**(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .**

31. The FCRA, 15 U.S.C. §1681p, provides:

**§1681p. Jurisdiction of courts; limitation of actions**

**An action to enforce any liability created under this title [15 USC §§1681 et seq.] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises, except that where a defendant has materially and willfully misrepresented any information required under this title [15 USC §§1681 et seq.] to be disclosed to an individual and the information so misrepresented is material to the establishment of the defendant's liability to that individual under this title [15 USC §§1681 et seq.], the action may be brought at any time within two years after discovery by the individual of the misrepresentation.**

## CLASS ALLEGATIONS

32. This claim is brought on behalf of a class, consisting of (a) all persons with Massachusetts and Rhode Island addresses (b) to whom defendant sent or caused to be sent material in the form represented by Exhibit A (c) including the dates thereon. Persons who responded to the material and obtained credit as a result of such response are excluded.

33. According to Exhibit A, the consumer report of each such individual was accessed.

34. The class is so numerous that joinder of all members is impracticable.

35. Exhibit A is a form document.

36. There are questions of law and fact common to the class, which questions

(401) 728-6060
(401) 728-6534 (fax)

Daniel A. Edelman
Cathleen M. Combs
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**JURY DEMAND**

Plaintiff demands trial by jury.

Christopher Lefebvre

t:\17616\pleading\complaint_pleading.wpd