**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| BETTY J. FARIZER,<br><br>Plaintiff,<br><br>v.<br><br>CORINTHIAN MORTGAGE CORPORATION d/b/a SOUTHBANC MORTGAGE,<br><br>Defendant. | ) | C.A. No. 06-338-T |

**CORINTHIAN MORTGAGE CORPORATION'S ANSWER TO AMENDED COMPLAINT – CLASS ACTION**

For its answer to the amended complaint, Corinthian Mortgage Corporation ("Corinthian") states as follows:

## INTRODUCTION

1. Corinthian denies all of the allegations in paragraph 1 of the amended complaint.

## JURISDICTION AND VENUE

2. Corinthian admits that the Court has personal jurisdiction over it and subject matter jurisdiction over the non-equitable purported claims, but Corinthian denies that any of the referenced statutes afford Plaintiff a right of recovery or relief against Corinthian and further denies that there is a private right of action for injunctive relief under the Fair Credit Reporting Act.

3. Corinthian admits that it has sent mailings to certain individuals residing in this District, but denies that venue is proper in this District. The remaining allegations in paragraph 3 of the amended complaint are denied.

## LOCAL RULE 23 CLASS ACTION ALLEGATIONS

4. Paragraph 4 of the amended complaint contains a legal conclusion to which no response is required. However, to the extent that such conclusion is construed as an allegation of liability against Corinthian, such allegation is denied.

5. Corinthian denies the allegations in paragraph 5 of the amended complaint.

6. Corinthian denies the allegations in paragraph 6 of the amended complaint.

7. Corinthian denies that there is a "class" for whom Plaintiff could serve as a named class representative "fairly and adequately" or otherwise. Corinthian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of the amended complaint.

## PARTIES

8. Corinthian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the amended complaint.

9. Corinthian admits that it is a Mississippi corporation and has its principal place of business in Herndon, Virginia. Corinthian denies the remaining allegations in paragraph 9 of the amended complaint..

## FACTS

10. Upon information and belief, Corinthian admits that plaintiff received the document attached as Exhibit A to the amended complaint within two years preceding the filing of this action; however, Corinthian specifically avers that Exhibit A is only the front of a two-sided document.

11. Exhibit A to the amended complaint is only the front of a two-sided document, and Exhibit A speaks for itself. Corinthian denies that Exhibit A to the amended complaint

contains the language quoted in the averments in paragraph 11 of the amended complaint, but Corinthian admits that the quoted language appears on the reverse of the original document (the front of which is represented in Exhibit A).

12. Corinthian admits the allegations of paragraph 12 of the amended complaint.

13. Corinthian admits that it "prescreens" certain consumers in connection with transactions consisting of firm offers of credit. The remaining allegations or characterizations in paragraph 13 of the amended complaint are denied.

14. Exhibit A is only the front of a two-sided document. Corinthian admits that it "prescreens" certain consumers in connection with transactions consisting of firm offers of credit and admits that it sent the document (the front of which is represented in Exhibit A) to certain consumers, including plaintiff. The remaining allegations or characterizations in paragraph 14 of the amended complaint are denied.

15. Corinthian is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the amended complaint.

16. Corinthian denies the allegations in paragraph 16 of the amended complaint.

17. Corinthian admits the allegations in paragraph 17 of the amended complaint.

18. Corinthian admits the allegations in paragraph 18 of the amended complaint.

19. Corinthian admits the allegations in paragraph 19 of the amended complaint.

20. Corinthian admits the allegations in paragraph 20 of the amended complaint.

21. Corinthian denies the allegations in paragraph 21 of the amended complaint.

22. Corinthian admits the allegations in paragraph 22 of the amended complaint, but denies the relevance of such allegations.

23. Corinthian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the amended complaint and further denies the relevance of such allegations.

24. Corinthian admits the allegations in paragraph 24 of the amended complaint, but denies the relevance of such allegations.

25. Paragraph 25 of the amended complaint contains a legal conclusion, to which no response is required and the FCRA speaks for itself. However, to the extent that such conclusion is construed as an allegation of liability against Corinthian, Corinthian denies all such allegations.

26. Paragraph 26 of the amended complaint contains a legal conclusion, to which no response is required and the FCRA speaks for itself. However, to the extent that such conclusion is construed as an allegation of liability against Corinthian, Corinthian denies all such allegations.

27. Paragraph 27 of the amended complaint contains legal conclusions, to which no response is required and the FCRA speaks for itself. However, to the extent that such conclusions are construed as an allegation of liability against Corinthian, Corinthian denies all such allegations.

28. Paragraph 28 of the amended complaint contains a legal conclusion, to which no response is required and the FCRA speaks for itself. However, to the extent that such conclusion is construed as an allegation of liability against Corinthian, Corinthian denies all such allegations.

29. Paragraph 29 of the amended complaint contains a legal conclusion, to which no response is required and the FCRA speaks for itself. However, to the extent that such conclusion

is construed as an allegation of liability against Corinthian, Corinthian denies all such allegations.

30. Corinthian denies the allegations in paragraph 30 of the amended complaint.

31. Corinthian denies the allegations in paragraph 31 of the amended complaint.

## VIOLATION ALLEGED

32. Corinthian denies the allegations in paragraph 32 of the amended complaint.

33. Corinthian denies the allegations in paragraph 33 of the amended complaint.

34. Paragraph 34 of the amended complaint contains a legal conclusion, to which no response is required. However, to the extent that such conclusion is construed as an averment of liability against Corinthian, Corinthian denies all such allegations.

35. Paragraph 35 of the amended complaint contains a legal conclusion, to which no response is required. However, to the extent that such conclusion is construed as an allegation of liability against Corinthian, Corinthian denies all such allegations.

## CLASS ALLEGATIONS

36. Paragraph 36 of the amended complaint contains a legal conclusion, to which no response is required. However, to the extent that such conclusion is construed as an allegation of liability against Corinthian, Corinthian denies all such allegations.

37. Corinthian denies the allegations in paragraph 37 of the amended complaint.

38. Corinthian denies the allegations in paragraph 38 of the amended complaint.

39. Corinthian denies the allegations in paragraph 39 of the amended complaint.

40. Corinthian denies the allegations in paragraph 40 of the amended complaint.

41. Corinthian denies the allegations in paragraph 41 of the amended complaint.

42. Corinthian denies that there is a "class" for whom Plaintiff could serve as a named class representative "fairly and adequately" or otherwise. Corinthian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 42 of the amended complaint.

43. Corinthian denies the allegations in paragraph 43 of the amended complaint.

## DEFENSES

Without assuming any burden of pleading, proof or persuasion otherwise resting on the plaintiff, Corinthian asserts the following defenses:

### FIRST DEFENSE

The amended complaint fails to state a claim against Corinthian upon which relief can be granted.

### SECOND DEFENSE

This action should be dismissed and/or transferred to another venue because venue in this District is improper, or on the ground of *forum non conveniens*.

### THIRD DEFENSE

The plaintiff lacks standing to assert the claims in the amended complaint.

### FOURTH DEFENSE

The plaintiff's equitable claims are barred by the doctrines of laches, waiver, and/or estoppel.

### FIFTH DEFENSE

Corinthian's actions and conduct were justified and allowed by statute and/or law.

**SIXTH DEFENSE**

Some or all of the purported claims are or may be barred by the applicable statute of limitation.

**SEVENTH DEFENSE**

The allegations in the amended complaint are insufficient to support the maintenance of a class action for the following reasons: (i) the proposed class is not so numerous that joinder of all members is impracticable; (ii) the facts applicable to each member of the proposed class are not common; (iii) the claims of the named plaintiff are not typical of the claims of the proposed class; (iv) the named plaintiff cannot fairly and adequately protect the interests of the proposed class; (v) individual questions predominate in this action, thus precluding class certification; (vi) the proposed class definition is not objectively identifiable; (vii) class action treatment is not superior to other methods for adjudication of this controversy; and (viii) this proceeding would not be manageable as a class action, and any trial on a class basis would not be manageable.

**EIGHTH DEFENSE**

The amended complaint fails to state a claim for punitive damages against Corinthian and Corinthian asserts all defenses available under common law and under the statutes and Constitution of the United States of America.

**NINTH DEFENSE**

Plaintiff's claim for punitive damages is barred by the excessive penalties clause and due process clauses of the Fifth, Eighth, and Fourteenth Amendment of the United States Constitution because any such award would violate Corinthian's rights granted thereunder.

**TENTH DEFENSE**

Plaintiff's claim for punitive damages is barred because they are essentially criminal in nature and a form of punishment, and seek to deny Corinthian's rights guaranteed in criminal proceedings under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution. Such rights include, among other things: (i) a requirement that the basis for the imposition of punitive damages be proven by plaintiff; (ii) the right to a unanimous twelve-person jury verdict in jury trials; (iii) the right to separate trials for compensatory and punitive damages; and (iv) the right to a separate hearing for the determination of the amount of punitive damages.

**ELEVENTH DEFENSE**

Plaintiff's claim for punitive damages is barred to the extent they seek the admission of evidence of Corinthian's net worth or wealth in determining whether punitive damages are to be awarded and/or in what amount, because punitive damages are a form of punishment, and punishment that is grounded in a Corinthian's status, rather than in a specific misconduct, has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.

**TWELFTH DEFENSE**

Plaintiff's claim for punitive damages are barred because punitive damages are a form of punishment and any such award would violate Corinthian's procedural and substantive Due Process rights and Equal Protection rights, guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution where a jury: (i) is not provided with standards of sufficient clarity, including the standard of clear and convincing evidence, objectivity and uniformity for determining the appropriateness of awarding, or the appropriate size of any,

punitive damages; (ii) is not instructed on the limits of punitive damages awards imposed by the applicable principles of punishment and deterrence; (iii) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics; (iv) is permitted to award punitive damages under standards for determining liability for, and amount of, punitive damages that are vague and arbitrary and do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible; (v) is not subject to judicial review on the basis of objective and uniform standards; (vi) is not provided with instructions regarding the necessity of proof of every element beyond a reasonable doubt; and (vii) is not instructed on the predetermined limit on the amount of punitive damages, such as a maximum multiple of compensatory damages or a maximum amount.

## THIRTEENTH DEFENSE

Plaintiff's claims for punitive damages are barred because any such award would violate Corinthian's procedural and substantive Due Process rights, and Equal Protection rights, guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution where the trial of all punitive damages issues is not severed from the trial on liability.

## FOURTEENTH DEFENSE

Plaintiff's claims for punitive damages are barred because punitive damages based on anything other than Corinthian's conduct in connection to the alleged acts that are subject to this lawsuit and any such award would violate Corinthian's procedural and substantive Due Process rights, and Equal Protection rights, guaranteed by the Fourteenth Amendment to the Constitution of the United States.

**FIFTEENTH DEFENSE**

Plaintiff's claims for punitive damages are barred because any such award would violate Corinthian's procedural and substantive Due Process rights, and Equal Protection rights, guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution where punitive damages may be awarded without proof beyond a reasonable doubt of illegal conduct.

WHEREFORE, Corinthian demands judgment against Plaintiff plus costs.

Dated: September 20, 2006

DEFENDANT
By its attorneys,

/s/ John A. Tarantino

John A. Tarantino, #2586
jtarantino@apslaw.com
Patricia K. Rocha, #2793
procha@apslaw.com
Katy A. Hynes, #6659
khynes@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: 401-274-7200
Fax: 401-351-4607

CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of September, 2006, I served a true copy of the within Answer **by electronic means (ECF)** on Christopher M. Lefebvre, Esq., P.O. Box 479, Pawtucket, RI 02862.

/s/ John A. Tarantino

*393913_1.doc*