IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BETTY J. FARIZER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-338-T |
| | ) | |
| CORINTHIAN MORTGAGE CORPORATION d/b/a SOUTHBANC MORTGAGE, | ) | |
| | ) | |
| Defendant. | ) | |

**CORINTHIAN MORTGAGE CORPORATION'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS OR, ALTERNATIVELY, FOR JUDGMENT ON THE PLEADINGS**

Defendant Corinthian Mortgage Corporation ("Corinthian") respectfully submits this reply memorandum in further support of its motion to dismiss Plaintiff's amended complaint pursuant to FED. R. CIV. P. 12(b)(6) or, alternatively, motion for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c).

## I. PLAINTIFF DOES NOT CONTEST SEVERAL KEY ISSUES SUPPORTING CORINTHIAN'S MOTION TO DISMISS.

Plaintiff does not contest key issues raised in Corinthian's supporting memorandum. First, Plaintiff agrees that the sole issue is whether Corinthian's activities comprised a "firm offer of credit" as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a(l). Plaintiff does not refute the detailed side-by-side comparison set forth in Corinthian's supporting memorandum demonstrating Corinthian's mailer's compliance with this statute. She does not claim that Corinthian denied her or anyone else credit despite meeting Corinthian's creditworthiness requirements. Nor does Plaintiff deny that Corinthian sent her the mailer for the purpose of making a home loan.

## II. PLAINTIFF'S ARGUMENTS IN OPPOSITION ARE WITHOUT MERIT.

Plaintiff makes two main arguments in support of her claim, neither of which has merit. First, Plaintiff contends that the FCRA definition of "firm offer of credit" requires the disclosure of all credit terms because the definition includes the word "offer." This argument has been rejected by the courts that have addressed it, including the Seventh Circuit, and Plaintiff cites no case which has held otherwise. Plaintiff's second argument is that Corinthian's offer lacks value. As shown in Corinthian's supporting memorandum, a number of courts have rejected an unwritten "value" requirement in the FCRA. Even if such an inquiry is made, however, Corinthian has shown that Corinthian's mailer passes muster.

### A. PLAINTIFF'S ARGUMENT THAT AN UNWRITTEN DISCLOSURE REQUIREMENT SHOULD BE READ INTO THE FCRA BASED UPON STATE CONTRACT LAW IS WITHOUT MERIT.

Plaintiff argues that the FCRA requires the disclosure of all credit terms in the initial mailer because the word "offer" is used in the definition of "firm offer of credit." In attempting to articulate an "accepted legal meaning" for the word "offer," Plaintiff cites extensively to Pennsylvania law and to courts applying, and authorities "restating," the laws of other states. *See* Opp. Memo. pp. 7-9.

The courts that have considered Plaintiff's argument have rejected it. Plaintiff cites no case that has validated the application of state contract law to the FCRA. To the contrary, the Seventh Circuit expressly rejected just such an argument:

> Ms. Cole also contends that the offer was too vague, ambiguous and inconsistent to constitute an offer under Illinois law. We believe that Ms. Cole's reliance on state law is misplaced. … There is no question that Congress intended a uniform application of the meaning of "firm offer of credit." … If, as suggested by Ms. Cole, the meaning of 'firm offer of credit' varies from state to state based on each state's definition of an 'offer,' Congress' intent that the FCRA have uniform meaning and application among the states would be thwarted.

*Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 726, n.6 (7th Cir. 2004). Other courts have similarly rejected Plaintiff's argument. *See, e.g., Putkowski v. Irwin Home Equity Corp.*, 423 F. Supp. 2d 1053, 1059-60 (N.D. Cal. 2006); *Tucker v. Olympia Dodge of Countryside, Inc.*, No. 03 C 0976, 2003 WL 21230604, at *3 (N.D. Ill. May 28, 2003).

The overwhelming trend of court decisions is contrary to Plaintiff's argument.[1] These decisions have held that the disclosure of all credit terms is not a requirement—express or implied—of the FCRA. In addition to the many cases Corinthian previously cited, at least four more were decided in May 2007. *See Schwartz v. Washington Mutual, Inc.*, No. 06-CV-1162 (DLI)(RLM), 2007 WL 1288070 (E.D.N.Y. May 1, 2007); *Gross v. Washington Mutual, Inc.*, No. 06 Civ. 4340(RLC), 2007 WL 1404435 (S.D.N.Y. May 10, 2007); *Klutho v. Shenandoah Valley Nat'l Bank*, No. 4:06CV1317 HEA, 2007 WL 1527074 (E.D. Mo. May 22, 2007); *Price v. Capital One Bank*, No. 05-C-0947, 2007 WL 1521525 (E.D. Wis. May 22, 2007) ("Recent district court decisions have held that the FCRA does not require a minimum amount of credit to be stated in an offer letter for the letter to constitute a firm offer of credit.").

**B. PLAINTIFF'S ARGUMENT THAT CORINTHIAN'S MAILER PROVIDES NO VALUE IS WITHOUT MERIT.**

Plaintiff contends that Corinthian's offer must have "value" to qualify as a "firm offer of credit." *See* Opp. Memo. at pp. 12-16. She argues that Corinthian's motion should be denied

---

[1] Plaintiff cited several cases purporting to support Plaintiff's general proposition that she has stated an actionable claim. *See* Opp. Memo. at pp. 17-18. These cases are factually distinguishable from the instant case and interpret the FCRA requirements in contradiction to its express terms and the overwhelming trend of case law. *See Dixon v. Shamrock Fin. Corp.*, No. 06-11828-RGS, 2007 WL 1170639, at *4, n.4 (D. Mass. April 20, 2007). Moreover, every case cited, save two, is from a single district in the Seventh Circuit. Of the remaining two, one is from another district court in the Seventh Circuit. The only case from outside of that circuit, *Hyde v. RDA, Inc.*, 389 F. Supp. 2d 658 (D. Md. 2005), is factually indistinguishable from *Cole*—offering nominal credit restricted to the purchase of an automobile. Thus, the *Hyde* court, like the Seventh Circuit in *Cole*, found the offer was really a sham offer designed to push the sale of automobiles. As shown in Corinthian's supporting memorandum, cases outside the Seventh Circuit (and increasingly inside the Seventh Circuit) almost unanimously support a dismissal in this case.

because its mailer contained no value or, at least, fact issues remain before this determination can be made. *See* Opp. Memo. at pp. 12-16. Neither of these arguments have merit.

As Corinthian indicated in its supporting memorandum, courts are divided on whether the FCRA requires a value determination. In addition to the cases Corinthian previously cited, at least one more opinion has joined the body of law declining to find a value requirement in the FCRA. *See Gross*, 2007 WL 1404435, at *4. These cases provide the superior interpretation and, if followed by this Court, negate Plaintiff's "value" arguments. Presuming, *arguendo*, that the value requirement exists, Corinthian previously demonstrated that its mailer passes muster.

Plaintiff strains to distinguish the numerous cases cited by Corinthian in support of the conclusion that its mailer offers sufficient value. *See* Opp. Memo. at pp. 18-20. In all material respects, however, these cases are indistinguishable. All of the cases cited by Corinthian concluded that the FCRA does not require the disclosure of all credit terms and that the respective mailers contained sufficient information to demonstrate that they offered something of value. Coincidentally, on the very day Corinthian filed its motion, another district court found that a mailer offering a home loan for a minimum of $25,000[2] contained sufficient value to warrant a dismissal. *See Klutho v. Shenandoah Valley Nat'l Bank*, 2007 WL 1527074.

Plaintiff's arguments based upon the Federal Reserve Board Report and FICO scores are similarly unavailing and actually support *Corinthian's* position. *See* Opp. Memo. pp. 13-16. Corinthian sent Plaintiff a mailer precisely because her limited credit information indicated that she met Corinthian's criteria. Thus, Plaintiff might avoid wasting time and effort searching for, and unproductive "hard inquiries" into her credit report necessitated by applying with, lenders with whom she might not qualify.

---

[2] Corinthian's mailer informed Plaintiff that Corinthian was offering her a home loan for at least $25,000, up to a maximum of 125 percent of the value of her home, minus the first mortgage balance.

Plaintiff's argument that that a value determination cannot be made because there is "nothing in the record" as to certain issues is plainly wrong. *See* Opp. Memo. at p. 15. This argument is ably refuted by the numerous cases Corinthian has cited holding that mailers similar to Corinthian's provided sufficient information to determine the existence of value. Upon examination, Plaintiff's argument is a red herring. Plaintiff argues that she must meet certain conditions to qualify for the loan. This creates no factual issue because it is expressly permitted by the statute. *See* 15 U.S.C. § 1681a(l). *See also Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 841 (5th Cir. 2004). Plaintiff notes that the mailer invites her to call for information. This creates no factual issue because the statute expressly provides for an interactive transaction. *See* 15 U.S.C. § 1681a(l). *See also Soroka v. Homeowners Loan Corp.*, No. 8:05 CV 2029 T 17MAP, 2006 WL 4031347, at *4 (M.D. Fla. June 12, 2006). Plaintiff urges inquiry into "whether any consumers applied for or actually received the credit." This creates no factual issue for two reasons. First, Plaintiff did not apply for the home loan. Second, as recognized by the Seventh Circuit when it flatly rejected this contention, such information sheds no light on the relevant inquiry. *See Perry v. First Nat'l Bank*, 459 F.3d 816, 825-26 (7th Cir. 2006).

## III. <u>CONCLUSION</u>

Corinthian demonstrated in its supporting memorandum that Plaintiff's complaint fails to state a claim upon which relief can be granted. This conclusion is supported by the language of the FCRA and voluminous case law, including the only opinion issued by a district court in this circuit and cases decided as recently as the day Corinthian filed its motion. Plaintiff's opposition memorandum provides no basis to deviate from these holdings. For these reasons, Corinthian's motion should be granted.

Dated: June 12, 2007

DEFENDANT
By its attorneys,

/s/ John A. Tarantino
John A. Tarantino, #2586
jtarantino@apslaw.com
Patricia K. Rocha, #2793
procha@apslaw.com
Katy A. Hynes, #6659
khynes@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: 401-274-7200
Fax: 401-351-4607

CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of June, 2007, I served a true copy of the within Reply Memorandum **by electronic means (ECF)** on Christopher M. Lefebvre, Esq., P.O. Box 479, Pawtucket, RI 02862.

/s/ John A. Tarantino

*420162_1.doc*